UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 16-309-AG (KK) | Date: | April 14, 2016 |
| Title: | *Nayem Sarker v. Loretta Lynch, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order To Show Cause Why Habeas Petition Should Not Be Denied And This Action Should Not Be Dismissed As Moot

On February 22, 2016, Petitioner Nayem Sarker ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to Title 28 of the United States Code, section 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") for over six months.  ECF Docket No. ("Dkt.") 1, Pet.; Dkt. 1-1, Supp. Attachment to Pet.

On March 25, 2016, Respondents Attorney General Loretta Lynch, Jeh Johnson, ICE Field Director Jorge Field, and Warden of Immigration Detention Facility ("Respondents") filed an Answer.  Dkt. 5, Answer.  No Traverse has been filed.

The Court's review of ICE's Online Detainee Locator suggests Petitioner is no longer in ICE custody.  Accordingly, the Court ORDERS Petitioner and Respondents to file written responses and supporting documents by **April 20, 2016** addressing whether: (1) Petitioner remains in ICE custody; and (2) the Court should deny the Petition and dismiss this action as moot.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached a "Notice of Dismissal" form**.

      The Court warns Petitioner failure to timely file a response to this Order or request a voluntary dismissal will result in the Court dismissing this action without prejudice for mootness, and for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**